UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADONIS JACKSON, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:08CV1359 JCH |
| | ) |
| GARDA CL SOUTHWEST, INC., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand, filed September 22, 2008. (Doc. No. 5). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiff filed a First Amended Complaint in this matter in the Circuit Court of the City of St. Louis, Missouri, on or about August 4, 2008. (Doc. No. 1-4, First Amended Complaint, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl.")). In his Complaint, Plaintiff alleges claims for "retaliatory discharge/compensatory damages" (Count I) and "retaliatory discharge/punitive damages" (Count II), in relevant part as follows:

4, 11. That on March 4, 2008, the Plaintiff, Adonis Jackson, sustained accidental injuries arising in and out of the course and scope of his employment with the Defendant, causing him severe and permanent injuries.

6, 14. That on March 10, 2008, the Plaintiff was terminated from his employment with the Defendant in retaliation for exercising his rights under the Illinois Workers' Compensation Act when he was terminated under the pretext of causing the accident which resulted in Plaintiff's injuries however, was actually terminated due to his exercise of rights under the Illinois Workers' Compensation Act.[1]

---

[1] Paragraph 14 includes an allegation that Plaintiff was terminated "willfully and intentionally."

7, 15. That as a direct and proximate result of the Defendant intentionally terminating the Plaintiff in retaliation for exercising his rights under the Illinois Workers' Compensation Act, the Plaintiff has been injured as follows:

    a. He has lost substantial wages which he would have otherwise earned from the Defendant, and will continue to lose wages in the future;
    b. He has lost insurance coverage and other benefits; and
    c. He has experienced pain and suffering and emotional distress.

(Compl., ¶¶ 4-15). In his prayer for relief, Plaintiff states as follows:

> WHEREFORE, the Plaintiff Adonis Jackson prays judgment against Defendant, Garda Security, Inc., a corporation, for fair and just award in excess of Twenty-Five Thousand Dollars ($25,000.00) plus costs of this suit.

(Compl., pp. 2, 4).[2]

On September 8, 2008, Defendant Garda CL Southwest, Inc. removed Plaintiff's action to this Court, claiming diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. (Doc. No. 1). As stated above, Plaintiff filed his Motion for Remand on September 22, 2008. (Doc. No. 5). In his motion, Plaintiff maintains this Court lacks jurisdiction, as Defendant has failed to prove that the amount in controversy exceeds $75,000. (Id., ¶ 9).

## DISCUSSION

On a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party. Riffert v. Walgreen Co., No. 4:07CV1912 JCH, 2008 U.S. Dist. LEXIS 12751, *3 (E.D. Mo. Feb. 20, 2008) (citing Rolwing v. NRM Corp., No. 1:05CV81 FRB, 2005 WL 1828813, *2 (E.D. Mo. Aug. 2, 2005)). Federal courts strictly construe the amount in controversy requirement to limit the federal courts' diversity caseload. Logan v. Value City Dep't Stores, LLC, No. 4:08-CV-19 CAS, 2008 U.S. Dist. LEXIS 34721, *5 (E.D. Mo. Apr. 28, 2008) (citing Snyder v. Harris, 394 U.S. 332, 339 (1969)). Further, the Eighth Circuit has held that where a complaint

---

[2] In addition, the prayer for relief on page 4 seeks $25,000 "in punitive damages."

alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003) (citing Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000)). To meet this burden, the party opposing remand must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

In support of his Motion for Remand, Plaintiff asserts diversity jurisdiction does not exist in this matter, as his Complaint alleges damages in an amount less than $75,000. (Plaintiff's Motion for Remand, ¶ 9). Plaintiff claims that his damages cannot meet the threshold amount for diversity jurisdiction, given that Plaintiff made only $10.50 per hour. (Id. at ¶ 9) In turn, Defendant asserts that Plaintiff's claim could meet the jurisdictional requirement based upon the different types of relief sought by Plaintiff, including "'substantial' lost wages; future lost wages; lost interest coverage and other benefits; pain and suffering; emotional distress; punitive damages." (Memorandum in Opposition, Doc. No. 8, p. 4). In further support of his Motion for Remand, however, Plaintiff definitively states that he does not seek damages in excess of $75,000. (Reply Memorandum in Support of Plaintiff's Motion to Remand, Doc. No. 9, p. 2) ("Plaintiff is not seeking more than $75,000.00 in damages and is affirmatively stating that fact at this time.").

Upon consideration, however, the Court finds that Defendant has failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d at 834. Defendant has failed to satisfy its burden, especially in light of the minimal amount of actual damages sought, Plaintiff's assertion that he is not seeking damages in excess of $75,000, and this

Court's obligation to resolve all doubts concerning federal jurisdiction in favor of remand. Rolwing, 2005 WL 1828813 at *2. Plaintiff's Motion for Remand will therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 5) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 9th day of October, 2008.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE